

Opinions of the United
States Court of Appeals
for the Third Circuit

6-13-2008

# Muja v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1951

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Muja v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1026.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1026

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1951
_____

JAHIR MUJAH,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A98-113-382 )
Immigration Judge:  Honorable Henry S. Dogin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
JUNE 12, 2008

Before:  SLOVITER, STAPLETON AND COWEN,  Circuit Judges

(Opinion filed:  June 13, 2008)
_____

OPINION
_____

PER CURIAM

Jahir Muja petitions for review of the Board of Immigration Appeals' ("BIA")

order dismissing his appeal from the Immigration Judge's ("IJ") denial of his applications

for asylum, withholding of removal, and relief under the Convention Against Torture

("CAT"). For the reasons set forth below, we will deny the petition for review.

Muja is nineteen years old and is a native and citizen of Albania. Muja entered the United States without inspection on April 15, 2004, and, several days later, was served with a Notice to Appear charging him as an alien present in the United States without being admitted or paroled. See INA § 212(a)(6)(A)(i) (8 U.S.C. § 1182(a)(6)(A)(i)). In response, Muja submitted applications for asylum, withholding of removal, and relief under the CAT on the ground that he was in danger from the Albanian mafia. Muja explained that in 2002, his uncle, Xhevahir Lita, had been the lead prosecutor in a case against the mafia. After the trial, the mafia leader threatened Lita and his family. Then, one day in 2004, a car pulled up beside him as he was walking home from school, and two men tried, unsuccessfully, to pull him into the car. Muja believes that the men were members of the mafia, and that they sought to kidnap him in retaliation for his uncle's role in the 2002 trial. Muja stated that he cannot return to Albania because the mafia is still looking for him and his family.

At his September 13, 2005 removal hearing, Muja repeated the allegations in his application, and produced a police report from the 2004 incident outside his school. This report, however, characterized the incident as an attempted robbery. When questioned about this inconsistency, Muja stated that he thought "it was the same thing." (A.R. at p. 000095.) Muja stated that after he left the country, his parents and brothers moved to another city in Albania, and his uncle relocated to a different district in the north. Since

2

that time, no one has attempted to abduct or otherwise threaten any of his family members.

Following the hearing, IJ Henry S. Dogin denied Muja's applications for relief. The IJ found that, "[f]earing harm and possible past harm because one is connected with a family member who prosecuted an individual does not fit within any of the parameters of the asylum law." (A.R. at p. 000046.) For the same reason, the IJ found that Muja's allegations did not entitle him to withholding of removal or relief under the CAT. By order issued March 6, 2007, the BIA affirmed the IJ's decision. The present petition for review followed.

We have jurisdiction to review final orders of removal pursuant to 8 U.S.C. § 1252(a)(1). See Abdulai v. Ashcroft, 239 F.3d 542, 548 (3d Cir. 2001). We review the BIA's decision for substantial evidence. See Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001). Under this standard, we will uphold the Board's findings unless the evidence not only supports a contrary conclusion, but compels it. See id.

In order to obtain asylum, Muja was required to show that he is "unable or unwilling to return to [Albania] . . . because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); 8 U.S.C. § 1158. To obtain withholding of removal, he had to demonstrate that it is more likely than not that his life would be threatened in Albania based on one of these protected grounds. 8 U.S.C. §

3

1231(b)(3)(A). For relief under the CAT, Muja was required to demonstrate that it is more likely than not that he would be tortured if removed to Albania. 8 C.F.R. § 208.16(c)(2).

Upon review, we conclude that substantial evidence supports the BIA's decision denying Muja's claims for asylum, withholding of removal, and relief under the CAT. First, with respect to Muja's claims for asylum, the BIA correctly concluded that Muja failed to establish past persecution because he did not show a sufficient link between the alleged attempted kidnapping and his uncle's prosecution of a member of the mafia; the only evidence submitted in support of his allegations was the police report, which stated that the incident was an attempted robbery rather than a kidnapping, and made no reference to the mafia.[1] For this reason, we also agree with the BIA that Muja was not entitled to withholding of removal. See 8 U.S.C. § 1231(b)(3)(A). Finally, because Muja did not establish that he was tortured in the past, or that it was likely that he would be tortured should he return home, the BIA correctly concluded that he did not meet the criteria for relief under the CAT. See 8 C.F.R. § 208.16(c)(2).

For the foregoing reasons, and because we conclude that Muja's remaining arguments are without merit, we will deny the petition for review.

---

[1]Furthermore, as the IJ explained, this isolated incident does not amount to "persecution" within the meaning of the statute. See Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005) (holding that "two isolated criminal acts, perpetrated by unknown assailants, which resulted only in the theft of some personal property and a minor injury, [are] not sufficiently severe to be considered persecution").